412 So.2d 532 (1982)
STATE of Louisiana
v.
Jesse COLEMAN, Patrick R. Colomb and Larry K. Lawrence.
No. 81-KA-2041.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 30, 1982.
*533 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Patrick C. Leitz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Anderson Council, Kenner, Paul H. Colomb, Lafayette, William M. Dauphin, Jr., Baton Rouge, for defendants-appellants.
CALOGERO, Justice.[*]
In these Crosby appeals,[1] following guilty pleas by two of the defendants to attempted possession of marijuana with intent to distribute and a guilty plea by the third to possession of marijuana with intent to distribute, defendants contend that the marijuana found in their suitcases at the New Orleans International Airport should have been suppressed because the seizure was the result of an unconstitutional search.
For the reasons expressed hereinafter we find no merit to their contention and affirm their convictions and sentences.[2]
*534 On April 27, 1978, in Miami, Florida, Detective John Facchiano, assigned to the airport, was doing routine investigative work when he observed defendants. The detective testified that his attention was drawn to defendants when Coleman purchased tickets for the trio with a large amount of money he held in his hand. Detective Facchiano noticed that Colomb kept looking around to see if they were being watched. When he saw the policeman watching the group, Colomb left the ticket line and positioned himself near a display case and continued his observation of the area. The ticket agent asked Coleman about luggage and he indicated three suitcases, two brown and one blue. The agent asked the other two about luggage and they indicated the same three suitcases. The agent then stapled all three luggage claim checks to one of the tickets.
Detective Facchiano stated that he went to the baggage area where the suitcases of the three men were on a baggage cart. Detective Facchiano said that he smelled the seams of each bag and detected the odor of marijuana coming from the seams of the two brown bags but not from the blue one. Detective Facchiano specifically denied that he opened the bags. He removed the suitcases from the cart and contacted his partner who also smelled marijuana at the seams of the brown suitcases. Detective Facchiano testified that he and his partner had authority from the airline carrier to be in the baggage handling area.
Detective Facchiano's partner placed the suitcases back upon the baggage cart, whereupon a cloud of white powder came from the two brown suitcases. No such emission of white powder was observed from the blue suitcase. Detective Facchiano informed the judge that talcum powder is often used to disguise the odor of marijuana.
After placing the suitcases back onto the baggage cart, the two policemen boarded the airplane for which the tickets had been purchased and saw Coleman and Colomb sitting in the first class section. The officers did not see Lawrence, however, and decided against making an arrest of only the two. Instead, Detective Facchiano contacted Sergeant Schwabe of the Jefferson Parish Sheriff's Office, described the three men and informed him of the observations in Miami and the fact that the three would be arriving at the New Orleans airport soon on National Airlines Flight 29.
Armed with defendants' flight number and their description, Sergeant Schwabe conducted a surveillance of the flight as it arrived in New Orleans. He saw the men and noticed that they appeared to be nervous. The three entered the airport lobby and, without getting their luggage, exited the terminal. Sergeant Schwabe approached the men and asked them for identification and for their airline tickets. Coleman handed Sergeant Schwabe the tickets for all three with the claim checks still stapled to one of the tickets. Sergeant Schwabe said that at this point he asked the men to accompany him to the narcotics office at the airport and he advised them of their rights. In the office Sergeant Schwabe asked the men whether they had any luggage. They denied having any. When asked about the baggage claim checks, Coleman stated that one suitcase for which there was a claim check belonged to him.
Sergeant Schwabe had another agent get the luggage from the baggage claim department and bring it to the office. Coleman identified the blue suitcase as his, but denied ownership of the two brown ones from which the odor of marijuana and the white powder had come. The other two defendants disclaimed the brown suitcases also. Sergeant Schwabe said that he asked for permission to look inside the suitcases and "They stated they didn't care if I looked or not; since it was not theirs, I had permission to look." Sergeant Schwabe opened the brown suitcases and in each *535 found a green garbage bag containing loose marijuana. These suitcases also had white talcum powder sprinkled in the bottoms and tops of the cases and over the garbage bags. After seeing the marijuana, Sergeant Schwabe informed the three that they were under arrest. Coleman then voluntarily opened the blue suitcase and inside Sergeant Schwabe observed a pack of garbage bags similar to those containing the marijuana in the two brown suitcases.
Farrell Whitehead, narcotics officer for the Jefferson Parish Sheriff's Office, confirmed that he brought the suitcases from the baggage area of the New Orleans airport to the narcotics office. He said that defendants thereupon, in his presence, disclaimed ownership as well as knowledge of any of the three bags. Officer Whitehead testified that the three "stated they didn't mind the suitcases being opened because they didn't belong to them."
The trial judge first took the motion to suppress under advisement and later ruled, denying the motion. This Court then denied defendants' pre-trial application for writs of review. 377 So.2d 1236 (La.1979). Following our refusal to grant writs, defendants entered their guilty pleas, reserving their right to appeal the denial of the motion to suppress.
We shall consider defendants' three assignments of error[3] together because they are interrelated.
Defendants' principle contention is that the actions of the police in Miami constituted an unconstitutional search and seizure and therefore tainted the subsequent arrests and seizure of the marijuana. Defendants argue that the marijuana must be suppressed under the "fruit of the poisonous tree" doctrine. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The Fourth Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. It is well settled that a search without a warrant is per se unreasonable unless it falls within a few well delineated exceptions to the warrant requirement. Therefore our first consideration is whether there was a legally impermissible search at the Miami airport.
Defendants had placed their luggage in the custody of the airline. Once the luggage was so placed, defendants could have had no reasonable expectation that the bags would not be handled by personnel of the airline or police officers given the airline's permission to be in the baggage area. Nor could they reasonably expect that the exterior of the bags would not be inspected. Detective Facchiano expressly denied opening the suitcases; he said that he merely sniffed at the seams.[4]
When the suitcases were placed back upon the cart, white powder escaped from them. That the handling was done by a policeman does not alter the situation. The bags were in the custody of the airline and the airline had given permission to the police to be in the baggage handling area.
It is true that a short-term detention of the baggage did occur when Detective Facchiano removed the suitcases from the baggage cart. However, the United States Supreme Court has expressly permitted detention *536 for a limited time of items placed in the custody of a third party to allow law enforcement authorities the opportunity to investigate their initial suspicions that the items contain contraband. United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970). The suitcases were detained only a few minutes while Detective Facchiano summoned his partner to smell the seams of the bags and confirm that the odor was marijuana. There was no unauthorized seizure of the bags, nor was there a search of their contents. Whatever intrusion took place by the handling, sniffing at the seams and observation of the white powder was not such as could have been contrary to any reasonable expectation of privacy by the bags' owners.
That the Miami police did not immediately arrest defendants may be probative, but not dispositive, on the issue of whether they had probable cause to arrest.[5] In fact, the reason for not arresting defendants in Miami was that, upon a cursory check of the plane just before take-off, the officers observed only two of the three defendants. Furthermore, police are not required to arrest an individual at the point at which probable cause for arrest arises. Cf. Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); State v. Coleman, 406 So.2d 563 (La.1981); State v. Tant, 287 So.2d 458 (La.1973). Detective Facchiano and his partner did not see Lawrence when they checked defendants' flight and it is understandable that they might want to delay the arrest until the three defendants, with their baggage, could be apprehended simultaneously.
Detective Facchiano relayed all of this information to Sergeant Schwabe. Sergeant Schwabe, after receiving the information from the Miami policeman, then had probable cause to arrest defendants when they reached New Orleans. State v. Bourgeois, 388 So.2d 359 (La.1981). Although Sergeant Schwabe did not inform defendants that they were under arrest until after he opened the brown suitcases and exposed the marijuana, the facts indicate that the arrest actually occurred before that point in time.
It is not the recitation of the words "You are under arrest" which determine when an arrest takes place. An arrest occurs when a person's liberty is curtailed in a significant manner. State v. Bourgeois, supra. In this case, defendants were in fact under arrest (their liberty was clearly restrained) from the time that Sergeant Schwabe stopped them outside the airport terminal, secured from them their identification and their airline tickets, and escorted them to the office for further questioning.
Sergeant Schwabe sent Officer Whitehead to claim the suitcases which defendants had checked from Miami to New Orleans. Officer Whitehead brought the suitcases to the office where Sergeant Schwabe had taken defendants. Sergeant Schwabe again asked about ownership of the suitcases and again defendants disclaimed ownership of the brown ones from which Detective Facchiano had smelled marijuana. Admittedly the ensuing search of the suitcases was without a warrant and must fall within one of the exceptions to the warrant requirement for the search to be constitutional.
One of the exceptions to the necessity of obtaining a warrant prior to a search is consent to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Coleman, supra. Defendants said that they did not care if the suitcases were searched. Although defendants had disclaimed ownership of the suitcases, the suitcases had been checked with the airlines by these men and they had indicated to the ticket agent in Miami that the luggage was theirs. Sergeant Schwabe had strong reason to believe that the suitcases belonged to the three men who were telling him that they had no objection to his *537 opening them. We construe this as permission to search, notwithstanding that the "permission" was accompanied by a disclaimer of ownership.
Having determined that there was probable cause for the arrest of defendants and that the warrantless search of the suitcases thereafter was not constitutionally impermissible, we hold that the trial judge did not err in denying defendants' motion to suppress the marijuana.

Decree
For the foregoing reasons, defendants' convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter and Felix H. Savoie, Jr. of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., Pascal F. Calogero, Jr., Walter F. Marcus, Jr., and James L. Dennis.
[1] A plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings. However, by virtue of this Court's decision in State v. Crosby, 338 So.2d 584 (La. 1976), a defendant may condition his plea upon the reservation for appellate review of specified pre-plea errors. In the present case defendant properly reserved his right to obtain appellate review of the trial court's denial of his motion to suppress. See also: State v. Aguillard, 357 So.2d 535 (La.1978).
[2] The trial judge imposed the following sentences:

Larry Lawrence for possession of marijuana with intent to distribute, in violation of La.R.S. 40:967five years at hard labor, suspended and defendant placed on active probation for five years with the special condition that defendant serve one year in the parish correctional center.
Patrick R. Colomb for attempted possession of marijuana with intent to distribute, in violation of La.R.S. 40:967 and La.R.S. 14:27five years at hard labor, suspended and defendant placed on active probation for five years with the special condition that defendant serve six months in the parish correctional center.
Jesse Coleman for attempted possession of marijuana with intent to distributeeighteen months at hard labor.
[3] Defendants' assignments of error are that "the trial judge erred in failing to find that the officers did not have probable cause to seize the defendants and their baggage," that "the trial judge erred in failing to suppress the evidence because the officers did not obtain a valid arrest warrant or a valid search and seizure warrant" and that "the trial judge erred in failing to find that there was no consent, voluntary or otherwise, to the search or that any consent, by the defendants was tainted by the illegal arrest and seizure of the defendants and the bags."
[4] Whether the policeman did or did not open the suitcases and the credibility of his story about sniffing the seams of the suitcases are factual questions. The determination of the trial judge who heard the witnesses and judged their credibility is entitled to great weight on appeal. State v. Bourgeois, 388 So.2d 359 (La. 1980). Regarding the detection of the odor of marijuana by means of smelling at the seams of the suitcases, federal courts have held that the sniffing of luggage by a dog does not constitute a search. United States v. Klein, 626 F.2d 22 (7th Cir. 1980), and cases cited therein.
[5] Probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to justify a man of average caution, and particularly a policeman of average caution, in the belief that defendants had committed an offense. State v. Fauria, 393 So.2d 688 (La.1981); State v. Bourgeois, 388 So.2d 359 (La.1980).