|1WALTZER, Judge.

STATEMENT OF THE CASE

Steven George was charged by bill of information with one count of aggravated battery and one count of theft of merchandise *814 valued at five hundred dollars or more. On the day of trial, the State amended the bill, reducing the theft charge to attempted theft of merchandise valued at one hundred dollars or more but less than five hundred dollars. The jury found the appellant guilty of the aggravated battery and guilty of the lesser offense of attempted theft of merchandise valued at under one hundred dollars.
George was sentenced to ninety days, suspended with two years active probation and payment of two hundred dollars to the Judicial Expense Fund on the theft count and three years at hard labor, suspended with two years active probation and payment of twenty dollars per month to the Department of Corrections, two hundred dollars to the Judicial Expense Fund and three hundred and fifty dollars in restitution on the aggravated battery charge. He was further ordered to pay court costs or serve an additional thirty days in jail. Defendant appeals.

STATEMENT OF THE FACTS

On the weekend of January 15th and 16th of 1994, R.C. Snapple Bottling Company moved from its warehouse on 1400 Montegut Street in New Orleans to a warehouse at 800 Edwards Avenue in Harahan. All drivers were asked to assist in moving the stock. On Saturday, January 15th, Territory Manager Donald Hebert was advised that the defendant was taking a longer time on the run than the other drivers. Hebert warned the defendant to go directly from one plant to the other and to notify him if he had to make a stop.
On Sunday, the defendant was again taking too much time on his trips. As a result, Hebert sent two other drivers to follow George. The drivers reported that George had gonejjto the flea market in the French Quarter. Hebert then located the company truck parked at the flea market and waited for George to appear. When George returned to the truck, Hebert asked him how many cases he had sold to the vendors at the flea market. The defendant admitted selling-eight cases, which were valued at $10.50 per case. Hebert fired the defendant on the spot and had someone else drive the truck back to the plant. The defendant then took a cab back to his car.
Company workers on the dock saw someone exit a taxi and drive off in the defendant’s car and assumed someone was stealing the car. When Jeffery Mauroner and Darryl Phillips, two employees of the company, heard someone was stealing the defendant’s car, they jumped in Phillips’s truck to follow the car in an attempt to save George’s car for him. After a few blocks, the Good Samaritans stopped a few cars behind the defendant’s ear at the intersection of Clouet and North Robertson Streets. Phillips got out of his truck and went over to George’s car. He tapped on the glass to get the driver’s attention. When he did so, the defendant opened the door and came out with a 9 mm gun. Phillips told him “Man, don’t do that.” The defendant then turned the gun and hit Phillips on the back of the head, behind his ear. Phillips ran back to his truck and told Mau-roner that it was Steve George. Phillips was subsequently treated at Chalmette Medical Center where he received three stitches.
The defendant testified that he stopped at the French Market for some fruit because the pizzas supplied by the company for lunch were all gone when he was ready for lunch. He denied having told Hebert that he sold any of his load. He further testified that when he got into his vehicle, Phillips and Mauroner and others recognized him and even called him by name. They thought he was skipping out early. He testified that he was waiting at the intersection concentrating on the music when someone opened his door and grabbed him. He punched the person repeatedly to “punch him out of his car.” The defendant further testified he only recognized Darryl Phillips after George had knocked Phillips to the ground. He then began cursing at Phillips, who ran back to his truck. The defendant denied using anything other than his fists.
JgPATENT ERROR REVIEW
A review of the record reveals that the appellant was sentenced to additional jail time in default of the payment of court costs. Though represented by private counsel at trial, a defendant represented by OIDP on appeal is presumed indigent and cannot be ordered to serve additional jail time in lieu of payment of costs. State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990).

*815
ASSIGNMENT OF ERROR

The appellant argues that the trial court erred in holding a jury trial as to both counts because a misdemeanor is triable only by a judge, whereas the aggravated battery count is a felony triable by a jury, so the counts should have been severed for trial. Appellant further suggests that the testimony relative to the misdemeanor theft count prejudiced the jury on the felony count.
A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. Any other crime is a misdemeanor. La.C.Cr.P. art. 933(3), (4); La.R.S. 14:2(4), (6).
Aggravated battery, the second count of the instant bill, is a felony punishable by a fine of up to five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. La.R.S. 14:34. An aggravated battery charge is triable to a jury of six, all of whom must concur to render a verdict. La.C.Cr.P. art. 782.
Attempted felony theft, the first count of the bill, is punishable by a fine of not more than five hundred dollars, or imprisonment for not more than one year, or both. La.R.S. 14:27(D)(2). Because an attempted theft is not punishable at hard labor, it is classified as a misdemeanor. A misdemeanor is triable before a jury if the punishment for the offense charged is a fine in excess of one thousand dollars or imprisonment of more than six months. The jury in such a case would likewise be composed of six jurors, all of whom must concur to render a verdict. La.C.Cr.P. art. 779.
The appellant reads Article 779 as if both conditions of punishment, a fine in excess of one thousand dollars and imprisonment of more than six months, must apply in order for |4there to be a trial on a misdemeanor. The statute, however, uses the word “or” indicating the disjunctive. La. C.Cr.P. art. 6(2). In addition, in State v. Comeaux, 408 So.2d 1099,1103 (La.1981), the Louisiana Supreme Court expressly held that, where the possible punishment exceeds six months, a defendant is entitled to a jury trial. Thus, the appellant’s interpretation of the statute is in error.
La.C.Cr.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial. (Emphasis added).
The two offenses in this case were triable by the same mode of trial and were acts connected in a common scheme. The State suggests the facts as to the misdemeanor were res gestae and properly before the jury on the felony count to explain the actions of the appellant and victim. As such, the appellant was not prejudiced by the join-der.
The record reflects that the appellant elected a jury trial and made no motion for severance of the two counts. Accordingly, any alleged error in the joinder of the counts for trial is waived. La.C.Cr.P. art. 841.
For the reasons discussed the convictions are affirmed, the theft sentence is affirmed and the battery sentence is amended to delete the imposition of jail time in default of the payment of court costs, and as amended, is affirmed.

AMENDED & AFFIRMED.