694 So.2d 549 (1997)
STATE of Louisiana
v.
Sean M. SHORT.
No. 96-KA-1069.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1997.
*551 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, for Appellee.
Edward Newman, Orleans Indigent Defender Program, New Orleans, for Appellant.
Before BYRNES, CIACCIO and JONES, JJ.
BYRNES, Judge.
Sean M. Short appeals his conviction and sentence for carrying a concealed weapon by a convicted felon. We affirm as amended.
On July 3, 1995 at approximately 4:30 a.m., Officer Robert Fulton was driving a marked police car in full uniform when he approached the intersection of St. Ann Street and Claiborne Avenue, an area known for criminal activity and drug trafficking. Officer Fulton testified at the motion to suppress hearing and at trial that he observed several subjects standing in a semicircle in front of the Basin Street Lounge at this intersection. The subjects "darted in a hurried manner" into the club when they made eye contact with the officer's vehicle. Officer Fulton stopped his vehicle, looked into the glass window of the lounge, and saw several of the men inside. Officer Fulton testified that he was on patrol alone and knew that often subjects would escape through the rear door of the lounge. As Officer Fulton was returning to his car, the defendant, who had left through the rear door of the lounge, came around the side of St. Ann Street and was "face to face" with Officer Fulton. Officer Fulton recognized the defendant as one of the subjects who had been standing in the semicircle on the corner. Believing that these subjects were involved in criminal activity, Officer Fulton frisked the defendant and found a large pocket knife in his rear pocket. The defendant was then arrested and a search subsequent to that arrest revealed a Tylenol bottle containing white rock-like items. The defendant was also charged with possession of cocaine although tests of the contents of the Tylenol revealed that it was not narcotics or any type of illegal contraband.
The defendant was charged by bill of information on September 27, 1995, with carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1. On January 17, 1996, at trial a jury found the defendant guilty as charged. The trial court sentenced the defendant to serve six years at hard labor without benefit of probation, parole, or suspension of sentence and ordered him to pay a fine of $1,000 or serve one day in prison in default of payment of the fine. The defendant's appeal followed.
A review of the record for errors patent reveals that the sentence is illegal in one respect, that the trial court ordered the defendant to serve one day in prison in default of payment of a fine. A defendant who is represented by the Orleans Indigent Defender Program (OIDP) on appeal is presumed indigent and cannot be ordered to serve additional jail time in lieu of payment of costs. State v. George, 94-2215 (La.App. 4 Cir. 4/26/95), 654 So.2d 813, writ denied, 95-1221 (La.10/13/95), 661 So.2d 495. In the present case the defendant is represented by OIDP and presumed indigent. Therefore, we amend the sentence to delete the portion of the sentence ordering jail time in lieu of default of payment of the fine.
The defendant contends that the trial court erred in denying the motion to suppress evidence based on the claim that the arresting officer did not have reasonable suspicion to justify the investigatory stop and did not testify as to any particular facts that would justify a reasonable belief that the defendant was armed and dangerous so as to permit a frisk.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. Art. 215.1. If an officer stops a person pursuant to art. 215.1, the officer may conduct a limited pat down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B). "Reasonable suspicion" for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether *552 the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La. App. 4 Cir. 2/25/94), 633 So.2d 819.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La.App. 2 Cir.1993), writ denied, 626 So.2d 1177 (La.1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/ 100 ($23,811) Dollars in U.S. Currency v. Kowalski, 810 F.Supp. 738 (W.D.La.1993).
In reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Jackson, 26,138 (La.App. 2 Cir.1994), 641 So.2d 1081. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991), writ denied, 578 So.2d 131 (La.1991). Flight, nervousness, or a startled look at the sight of a police officer may be one of the factors leading to a finding of reasonable cause to stop under La.C.Cr.P. art. 215.1. State v. Belton, 441 So.2d 1195 (La.1983), certiorari denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Noto, 596 So.2d 416 (La.App. 4 Cir.1992), State v. Preston, 569 So.2d 50 (La.App. 4 Cir.1990).
In State v. Ganier, 591 So.2d 1328 (La. App. 4 Cir.1991), police officers were patrolling a housing project in New Orleans known to be a center of drug trafficking. The defendant saw the officers, turned "suspiciously", began to walk away slowly, and then began to run. The officers chased the defendant until he was apprehended. This court found that two factors were sufficient to justify a stop of the defendant: the area's reputation for drug trafficking, and the suspicious actions of the defendant. This court noted:
... Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not a case of a man merely standing on a street corner who is detained by the police simply because he is there.
State v. Ganier, 591 So.2d at 1330.
The test for determining whether one has a reasonable expectation of privacy is not only whether the person had an actual or subjective expectation of privacy, but, rather whether that expectation is of a type which society at large is prepared to recognize as being reasonable. State v. McKinney, 93-1425 (La.App. 4 Cir. 5/17/94), 637 So.2d 1120; State v. Lambright, 525 So.2d 84 (La.App. 3 Cir.1988), writ denied 530 So.2d 83 (La.1988).
Deference should be given to the experience of the policemen who were present at the time of the incident. A certain look or gesture may not mean anything to the ordinary person; however, a policeman has sound judgment based on long experience to interpret these acts. An officer should react for his safety under the conditions and events as they occur. In determining whether a ruling on a defendant's motion to suppress was correct, the appellate court may consider all pertinent evidence given at trial as well as evidence adduced at the hearing on the motion. State v. Williams, 572 So.2d 756 (La. App. 4 Cir.1990), writ denied 576 So.2d 30 (La.1991).
The facts in the present case provide more than a situation where a person is stopped by a police officer just because he is standing on the street. Officer Fulton had reasonable suspicion to stop the defendant because the officer recognized that the defendant was one of the subjects who "darted in a *553 hurried manner" into the Basin Street Lounge. The officer testified that from his past experience he knew that often subjects would escape thorough the rear door of the lounge. He testified that he was in an area known for criminal activity and drug trafficking. When he saw the defendant coming from the rear of the lounge after darting inside, based on his experience, the officer had reasonable suspicion to believe that the defendant was engaging in illegal activity.
Because the officer stated that he was in a high crime area and he thought that the defendant was engaging in illegal activity, the officer reasonably believed that he was in danger and that the suspect possessed a dangerous weapon so that his pat down search of the defendant was proper under La.C.Cr.P. art. 215.1. When the officer frisked the defendant and found a large pocket knife, he had probable cause to arrest the defendant. The fact that the defendant was carrying a concealed weapon supports and underscores the fact that the officer was correct in his belief that he was in danger and that the defendant was armed with a dangerous weapon in a dangerous area known for criminal activity and drug trafficking. The evidence was properly seized, and the trial court properly denied the defendant's motion to suppress.
Accordingly, the defendant's conviction is affirmed. That portion of the sentence which imposes jail time in lieu of default of payment of the fine is deleted. In all other respects, the defendant's sentence is affirmed.
AFFIRMED AS AMENDED.
JONES, J., concurs in the result.