744 So.2d 160 (1999)
STATE of Louisiana
v.
John HARRIS.
No. 99-K-1434.
Court of Appeal of Louisiana, Fourth Circuit.
September 8, 1999.
*162 Harry F. Connick, District Attorney, Sanem Ozdural, Assistant District Attorney, New Orleans, Counsel for the State.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, and Judge PATRICIA RIVET MURRAY.
BYRNES, Judge.
We grant the State's writ application to review the trial court's ruling that granted the defendant John Harris' motion to suppress. We reverse and remand.

FACTS
At approximately 2:20 a.m. on April 11, 1999, officers were on routine patrol on Edinburg Street, in an area known for narcotics violations and residence burglaries. The officers observed the defendant John Harris walk out from an area near a church, walk into the street, even though there was a sidewalk adjacent to the street. As Harris began walking down the middle of the street toward Bloomingdale Court, the officers noticed that Harris appeared to be weaving. In addition, he was carrying a backpack. The officers stopped Harris and began questioning him. However, Harris appeared to be disoriented and to have problems understanding the officers. Upon conducting a pat down search, one officer neared Harris' ankle and observed a crack pipe sticking out from one of Harris' shoes. The officers arrested Harris for possession of drug paraphernalia and issued citations to him for walking in the street when a sidewalk is provided (a municipal violation), public intoxication, and giving a false address. After being advised of his Miranda rights, Harris told the officers that he had smoked crack cocaine less than two hours prior to the arrest.
On April 21, 1999, Harris was charged with one count of simple possession of cocaine, a charge to which he pled not guilty. After a hearing on May 7, 1999, the trial court granted his motion to suppress the evidence, and the State's writ application followed.
In suppressing the evidence and the statement, the court stated that it was "totally unimpressed with the Officer's testimony." It appears that the court found that the officer's testimony did not lead it to believe the stop and search were valid.
The State argues that the officers were justified in stopping the defendant because he was walking in the middle of the night in a high-crime area in the middle of the road, next to which was a sidewalk. In addition, the defendant appeared to be weaving.
At issue is whether the officers had reasonable suspicion to make an investigatory stop and to search the defendant. "Reasonable suspicion" for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La. App. 4 Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94), 633 So.2d 819.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir. 1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La. App. 2 Cir.1993), writ denied, 626 So.2d 1177 (La.1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to *163 recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/ 100 ($23,811) Dollars in U.S. Currency v. Kowalski, 810 F.Supp. 738 (W.D.La.1993).
In reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir. 1991), writ denied, 578 So.2d 131 (La. 1991).
In State v. Huntley, 97-0965, p. 3 (La.3/13/98); 708 So.2d 1048, 1049, the Louisiana Supreme Court stated:
In making a brief investigatory stop on less than probable cause to arrest, the police "`must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). The police must therefore "articulate something" more than an "`inchoate and unparticularized suspicion or "hunch."'" United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)). This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. The police need have only "`some minimal level of objective justification. ...'" Sokolow, 490 U.S. 1, 7, 109 U.S.[S.Ct.] at 1585 (quoting INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984)). A reviewing court must take into account the "totality of the circumstances the whole picture," giving deference to the inferences and deductions of a trained officer that might well elude an untrained person. Cortez, 499[449] U.S. at 418, 101 S.Ct. at 695. The court must also weigh the circumstances known to the police `not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.' Id." [Emphasis added.]
The test for determining whether one has a reasonable expectation of privacy is not only whether the person had an actual or subjective expectation of privacy, but, rather whether that expectation is of a type which society at large is prepared to recognize as being reasonable. State v. McKinney, 93-1425 (La.App. 4 Cir. 5/17/94), 637 So.2d 1120, writ denied 97-1339 (La.12/19/97), 706 So.2d 444; State v. Lambright, 525 So.2d 84 (La.App. 3 Cir. 1988), writ denied 530 So.2d 83 (La.1988). Deference should be given to the experience of the policemen who were present at the time of the incident. State v. Short, supra. A certain look or gesture may not mean anything to the ordinary person; however, a policeman has sound judgment based on long experience to interpret these acts. An officer should react for his safety under the conditions and events as they occur.
In the present case, the officer testified that he and his partner saw Harris walking in the middle of the street in the middle of the night in an area known for narcotics activity and residence burglaries. Harris was not walking straight. The officer testified that he and his partner decided to stop Harris because he was in violation of a municipal ordinance that prohibits a pedestrian from walking in the street when a sidewalk is provided. Section 154-1607(a) of the Municipal Code of the City of New Orleans provides:
"Where a sidewalk is provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Because the officers saw Harris walking in the street where there was a sidewalk adjacent to the street, they were justified *164 in stopping the defendant. Thus, the initial stop was valid.
Once the officers stopped Harris, they discovered he appeared to be disoriented and did not understand their questions. In addition, prior to the stop they noticed Harris was not walking in a straight line. At that point, they frisked Harris for weapons for their safety.
La.C.Cr.P. art. 215.1(B) provides for a limited frisk for weapons during an investigatory stop:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Smith, 94-1502 p. 5 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082. It is clear that an officer may make a protective search of the suspect for his own safety and the safety of others. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, certiorari denied, Davis v. Louisiana, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994).
In State v. Wartberg, 586 So.2d 627 (La. App. 4 Cir.1991), this court noted that any person who is suspected of dealing drugs is probably armed with a weapon and officers need not refer to specific particular facts concerning the danger to their safety.
In the present case the officers were in an area in the middle of the night which was known for narcotics activity, and they had stopped Harris for a municipal violation. In addition, it appeared that Harris was under the influence of a drug or alcohol. Given these circumstances, the officers were justified in their fears for their safety, and the frisk was justified.
The standards for an investigatory stop and pat-down for weapons, which are set forth in Article 215.1 A and B of the Code of Criminal Procedure, are clearly met in the present case.
During the frisk the officer discovered the crack pipe jutting out of one of Harris' shoes. The pipe was lawfully seized pursuant to the plain view exception to the warrant requirement. In State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this court discussed this exception:
In order for an object to be lawfully seized pursuant to the "plain view" exception to the Fourth Amendment, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband." State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 and 1140 (La.1993). In Tate, this court further noted: "In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found `inadvertently' in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently." Tate at 917.
"Immediately apparent" in this context means only that the officer must have probable cause to believe an item is contraband. State v. Jones, 93-1685 (La.App. 4 Cir. 7/27/94), 641 So.2d 688.
In the present case, the officer observed the pipe sticking out of the defendant's shoe when the officer was frisking the defendant. Because the officer was justified in conducting the frisk, the seizure of the pipe was lawful. There was no invasion of the suspect's privacy beyond *165 that already authorized by the officer's search for weapons. It was immediately apparent that the discovered object was drug paraphernalia. The officer's seizure of the contraband in plain view was legal.
After finding the crack pipe, the officers placed the defendant under arrest for possession of drug paraphernalia. After being advised of his rights, Harris stated that he had smoked crack cocaine within the past two hours. Because the stop and seizure were valid, and Harris was given his Miranda rights, there is no basis to suppress the statement.
Accordingly, the trial court's ruling is reversed, and the defendant's motion to suppress the evidence is denied. The case is remanded for further proceedings.
WRIT GRANTED; REVERSED & REMANDED.
MURRAY, J., CONCURS IN THE RESULT.