775 So.2d 481 (2000)
STATE of Louisiana
v.
Troy E. WYATT.
No. 99-KA-2221.
Court of Appeal of Louisiana, Fourth Circuit.
September 27, 2000.
*482 Amy C. Ellender, Louisiana Appellate Project, Mer Rouge, for Defendant.
Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, for State of Louisiana.
(Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III and Judge MIRIAM G. WALTZER).
WALTZER, Judge.
Defendant, Troy Wyatt, appeals the trial court's denial of his motion to suppress. After the trial court denied Wyatt's motion to suppress, he pled guilty to possession of marijuana, third offense, and he appeals pursuant to State v. Crosby, 338 So.2d 584 (La.1976).

STATEMENT OF THE CASE
On 19 November 1998, the defendant was charged by bill of information with possession of marijuana, third offense. LSA-R.S. 40:966. He was arraigned on 1 December 1998, and pled not guilty. After a hearing in which the trial court found probable cause and denied Wyatt's motion to suppress certain evidence on 8 December 1998, the defendant withdrew his former plea and entered a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On 15 March 1999, he was sentenced to five years at hard labor, suspended, five years active probation.[1]

ERRORS PATENT
We have reviewed the record for errors patent pursuant to LSA-C.Cr.P. art. 920(2) and have found none.

FACTS
On 17 August 1998, at 8:00 p.m., Officer Brian Gilmore stopped a vehicle because the windows were tinted too dark to see inside. The defendant was seated on the passenger side of the car. The defendant opened the door as Gilmore walked up to the passenger side of the car. Gilmore immediately smelled the strong odor of marijuana coming out of the car. The defendant made a "stuffing motion to the floorboard of the vehicle." Gilmore ordered him out of the car, handcuffed him, returned to the car and immediately saw a cigar containing green vegetable matter. The defendant was then advised of his rights and placed under arrest.

ASSIGNMENT OF ERROR:
The defendant argues the officer lacked probable cause for the arrest. LSA-C.Cr.P. art. 215.1 provides that "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." LSA-R.S. *483 32:361.1 provides restrictions on how darkly windows of a car may be tinted, and provides criminal penalties by establishing fines for infractions. Officer Gilmore testified that the windows were tinted so darkly that it was impossible to see inside the car. He was therefore justified in stopping the car to further investigate a possible infraction. The defendant immediately opened the door of the car without any further action by the officer. When the door of the car opened, the officer smelled marijuana and saw the defendant gesturing as if hiding something.
In State v. Garcia, 519 So.2d 788 (La. App. 1 Cir.1987), writ denied 530 So.2d 85 (1988), officers stopped the defendant's truck for a traffic violation and detected a strong odor of marijuana coming from the back of the truck. The court upheld the officers' warrantless search of the truck bed, finding the strong smell of marijuana gave the officers probable cause to believe the truck contained contraband, while the movable nature of the truck supplied the exigent circumstances to search the truck without a warrant. The court stated:
In State v. Coleman, 412 So.2d 532, 535, n. 4 (La.1982), the Louisiana Supreme Court recognized that detecting marijuana by means of smell does not constitute a search. Thus, there is no reasonable expectation of privacy from lawfully positioned officers with inquisitive nostrils.
In Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), the United States Supreme Court suggested that the distinctive odor of a substance, perceived by an individual qualified to know the odor, might well be evidence of a persuasive character in determining probable cause for a search.
In this instance, the trial court credited the officers' testimony that they perceived an overwhelming odor of marijuana coming from the bed of defendant's truck. The search itself revealed five hundred pounds of marijuana stuffed into garbage bags. Lieutenant Thomason, a qualified expert, stated that quantity of marijuana would produce a pronounced odor.
Id. at 793-794.
In this case, the officer smelled marijuana immediately upon the defendant opening his door. The officer saw the defendant apparently trying to hide something in his hand. Under these facts, the officer had probable cause to believe the defendant was smoking marijuana and therefore had probable cause to arrest him. Under the above cases, the officer then had probable cause to search the car.
The officer also had probable cause to seize the marijuana under the plain view exception. In State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this court discussed this exception:
In order for an object to be lawfully seized pursuant to the "plain view" exception to the Fourth Amendment, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband." State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 and 1140 (La.1993). In Tate, this court further noted: "In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found `inadvertently' in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently." Tate at 917.
Officer Gilmore lawfully stopped the car in which Wyatt was a passenger for a suspected violation of LSA-R.S. 32:361.1. The defendant opened a door to the car. Once the officer smelled the marijuana and saw the defendant attempting to hide *484 something, he lawfully ordered the defendant out of the car and could see the marijuana cigar in plain view.
This assignment is without merit.

CONCLUSION
We affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] On 12 May 1999, his probation was revoked and he was sentenced to forty months at hard labor.