hBYRNES, J.,
Dissenting with Reasons.
I respectfully dissent based on my conclusion that the officer had probable cause to arrest the defendant, Michael J. Frosch, and the crack cocaine was legally seized pursuant to the search incidental to the defendant’s arrest.
It is not a prerequisite for the existence of probable cause to make an arrest that the police officers know at the time of the arrest that the particular crime has definitely been committed; it is sufficient that it is reasonably probable that the crime has been committed under the totality of the known circumstances. State v. Gates, 24,995 (La.App. 2 Cir. 1/19/94), 630 So.2d 1345, writ denied sub nom. Gates v. Jones, 94-0640 (La.6/17/94), 638 So.2d 1091. An arresting officer need only have a reasonable basis for believing that his information and conclusions are correct. Rodriguez v. Deen, 33,308 (La.App. 2 Cir. 5/10/00), 759 So.2d 1032, writ denied, 2000-1414 (La.6/23/00), 765 So.2d 1049. For an arrest, the law does not require that “reasonable cause to believe” be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt. La.C.Cr.P. art. 213; State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took hplace, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. Id. Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d *344 1147 (La.App. 1 Cir.1992), writ denied, 604 So.2d 1317 (La.1992). The reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id. The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or near a preponderance standard demands. State v. Green, 98-1021 (La.App. 4 Cir. 12/22/99), 750 So.2d 343, writ denied, 96-2610 (La.6/20/97), 695 So.2d 1348. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Deference should be given to the experience of the police who were present at the time of the incident. State v. Short, supra.
In the present case, the officers knew there was a rash of car burglaries in the neighborhood, and as police officers, they were familiar with the methods used to get into cars illegally. The officer observed that Frosch was standing near his bike, peering into the window of the Ford Bronco, and jiggling the handle on a vehicle’s door. When Frosch noticed the police in their police car, he got on his bike and pedaled rapidly away. At that point the officers had reasonable suspicion that Frosch was engaged in criminal activity, and an investigatory stop was valid. When the police checked, they found that Frosch did not own the vehicle, and the officers had probable cause to arrest Frosch for tampering with the property of another.
hThe majority refers to State v. Krueutzer, 583 So.2d 1160 (La.App. 5 Cir.1991), in which the appellate court found that the defendant’s actions of being nude and masturbating in his backyard did not show that he specifically intended to interfere with or prevent his neighbor’s use of her backyard where there was a common fence between the yards. The Fifth Circuit asserted that conduct that affects intangible property rights might be considered to be criminal mischief as defined by La. R.S. 14:59(1), if that the conduct is committed with the necessary criminal intent.
In Krueutzer, the standard of proof of intent was beyond a reasonable doubt for a conviction. However, for probable cause to arrest a suspect, the officers did not need proof beyond a reasonable doubt or proof by a preponderance of the evidence. State v. Green, supra. Under the totality of circumstances, considering the officer’s past experience, training and common sense, the officer’s inferences from the facts provided the officers with reasonable cause to believe that the defendant intended to deprive another of his property where the officers had information that the vehicle belonged to someone else in the present case. The subject was jiggling the door handle as if he were trying to gain access to the vehicle. The police could infer that Frosch had the requisite intent to tamper or commit criminal mischief where the vehicle did not belong to Frosch. Although flight by itself might not indicate wrong doing, in the present case, Frosch’s flight along with his other actions supported probable cause based on the defendant’s intent to exert dominion and control over the vehicle that would deprive the owner of his full use and free enjoyment of his property. The police had a reasonable basis for believing that they had probable Rcause to arrest Frosch. Because the officers had probable cause to arrest the defendant, they legally searched Frosch and properly seized the individually wrapped pieces of crack cocaine in his pocket. According to Officer Jay Sedge-beer, Frosch stated that: “he just bought it around the corner.” Frosch’s statement was also admissible.
Frosch entered a guilty plea, reserving the right to appeal the motion to suppress ruling under State v. Crosby, 338 So.2d 584 *345 (La.1976). I would affirm the trial court’s ruling that denied the defendant’s motion to suppress. Accordingly, I would affirm the defendant’s conviction for possession of cocaine and his sentence as a second offender.