BYRNES, Chief Judge.
This Court exercises its supervisory jurisdiction to review the trial court’s ruling that granted the defendant Michael R. Young’s motion to suppress. We reverse and remand.
At the May 13, 2002 hearing on Young’s motion to suppress the evidence, Officer Richard Blackman testified that on January 24, 2002 at approximately 9:35 p.m., he stopped a vehicle on Chef Menteur Highway, when he observed that the driver was not wearing a seatbelt. Although the Officer was behind the vehicle, he testified that he could see the driver was not wearing a seatbelt. The officer stated that from his vantage point in the rear of the vehicle, he could see that the driver was not wearing the diagonal shoulder part of the seatbelt. The driver/defendant Young quickly exited the vehicle and had both hands in the pockets of his sweatshirt. The officer agreed that if the driver can produce a driver’s license, the seatbelt violation is not an “arrestable” offense. Officer Blackman testified that Young produced a driver’s license when asked.
While Officer Blackman was interviewing Young, the officer noticed a clear plastic bag filled with a green vegetable material that was hanging out of Young’s right front pocket of the sweatshirt. Officer Blackman believed that the clear ^plastic bag contained marijuana. He stated that he retrieved the marijuana, patted down the defendant/driver Young, read Young his Miranda rights, handcuffed him, and placed him in the back of the police car. The officer issued Young a citation for not wearing a seatbelt while driving on the highway. Officer Blackman also arrested him for possession of marijuana.
The trial court found no probable cause and granted Young’s motion to suppress. The State’s writ application followed.

Standard of Review

The appellate court reviews the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court’s ultimate determination of Fourth Amendment reasonableness de novo. U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. United States v. O’Keefe, 128 F.3d 885 (5 Cir. 1997), cert. denied, 523 U.S. 1078, 118 S.Ct. 1525, 140 L.Ed.2d 676 (1998). An appellate court reviews the district court’s determinations of reasonable suspicion and probable cause de novo. U.S. v. Green, 111 F.3d 515 (7 Cir.1997), cert. denied sub nom. Green v. U.S., 522 U.S. 973, 118 S.Ct. 427, 139 L.Ed.2d 328 (1997). Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. Maryland Gas. Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1 Cir.1993), writ denied 629 So.2d 1138 (La.1993).
At issue in the present case is whether there was probable cause for an arrest or for an investigatory stop based on a seat-belt violation.

IsReasonable Suspicion for an Investigatory Stop

A police officer may engage anyone in conversation, even without reasonable grounds to believe they have committed a crime. Goins v. Walmart, 2001-1136 (La.11/29/01) 800 So.2d 783; State v. Duplessis, 391 So.2d 1116, 1117 (La.1980). However, the officer did not just engage in conversation with someone on the street. He stopped the defendant’s vehicle.
*1186 In State v. Broussard, 00-3230 (La.5/24/02), 816 So.2d 1284, the Louisiana Supreme Court reversed this Court’s finding of no probable cause to arrest based on the conclusion that there was reasonable suspicion for an investigative stop.[1] In the present case, the trial court found no probable cause without stating whether there was reasonable suspicion for a valid investigatory stop.
La.C.Cr.P. art. 215.1A provides:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Reasonable suspicion for an investigatory stop is something less than probable cause. It must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual’s right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4 Cir.1989). Police need only some minimal level of objective justification for reasonable grounds for an | investigatory stop. State v. Washington, 2000-1936 (La.12/15/00), 775 So.2d 1066, citing State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La.App. 2 Cir. 1993), writ denied, 626 So.2d 1177 (La. 1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/100 ($23,-811) Dollars in U.S. Currency v. Kowalski, 810 F.Supp. 738 (W.D.La.1993).
A reviewing court must take into account the “totality of the circumstances — whole picture,” giving deference to the inferences and deductions of a trained police officer “that might well elude an untrained person.” United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); State v. Huntley, 97-096 (La.3/13/98), 708 So.2d 1048. Citing Cortez, the Louisiana Supreme Court further noted that: “The court must also weight the circumstances known to the police not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.” Huntley, supra, 708 So.2d at 1049.
. Generally, an actual stop occurs when an individual submits to a police show of authority or is physically contacted by the police. An investigatory stop, requiring only a reasonable suspicion, is as complete a restriction on the liberty of | .^movement as an arrest; a stopping for investigation is not lesser intrusive because the restriction of movement is incomplete, but rather because it is briefer than an arrest. State v. Vincelli, 555 *1187 So.2d 21 (La.App. 1 Cir.1989); State v. Walker, 530 So.2d 1200 (La.App. 2 Cir. 1988), writ denied 532 So.2d 763 (La.1988); State v. Senegal, 95-796 (La.App. 3 Cir. 12/6/95), 664 So.2d 832.

Seatbelt Violation

The State claims that the officer properly stopped the vehicle to issue the appropriate citation, based on the seat belt traffic violation.
Prior to the 1999 amendment, La. R.S. 32:295.1F provided:
F. No vehicle, driver or passenger in a vehicle, shall be inspected, detained, or searched solely because of a violation of or to determine compliance with this Section.
In State v. Barbier, 98-2923 (La.9/8/99), 743 So.2d 1236, the Louisiana Supreme Court referred to the word “detained” in Section F, and found that the statute prohibited law enforcement from stopping or detaining a vehicle solely for a violation of La. R.S. 32:295.1. Subsequent to Barbier’s arrest, but prior to the Supreme Court’s opinion, La. R.S. 32:295.1F was amended.
Act 1999, No. 1344, amended Section F as follows:
F, Probable cause for violation of this Section shall be based solely upon a law enforcement officer’s clear and unobstructed view of a person not restrained as required by this Section. A law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation of this Section.
In State v. Dorsey, 2000-2331 (La.App. 4 Cir. 1/24/01), 779 So.2d 1008, this Court held that although an officer may not search or inspect the vehicle or occupants based solely on a seatbelt traffic violation, the wording of amended Section F now does not prohibit the police- from stopping a vehicle, detaining the | occupants, and issuing traffic citations when the occupants of the front seat are not wearing seat belts in traffic.
In the present case, the evidence was seized on January 24, 2002, after La. R.S. 32:295.1 was amended in 1999 and was effective in January 2000. Barbier has no bearing in this case. Officer Blackman lawfully stopped the vehicle from moving ahead and detained the driver in order to issue the traffic citation. Officer Black-man testified that he saw the clear plastic bag containing what appeared to be marijuana partially in plain view in the right pocket of Young’s sweatshirt.

Officer’s Credibility

In the present case the defendant claims that the trial court granted the motion to suppress because it did not believe that the police officer saw the clear plastic bag “hanging out partially from the right front pocket.” The trial court stated: /‘Court finds no probable cause. Inconsistent statements.” The defendant argues, that the police officer stated that the defendant got out of the car with his hands in his pockets. The defendant questioned the officer as follows:
[BY MR. STOUTZ:] .
Q. Okay. Now, it’s your testimony that when he got out of the vehicle he had both hands in his sweatshirt pocket?
A. His hooded sweatshirt pocket, yes.
Q. Let me ask you this, Officer. Take a look at my client.
MR. STOUTZ:
Stand up, Mr. Young, please.
THE DEFENDANT:
(Defendant complies.)
BY MR. STOUTZ:
*1188 |7Q. A man this size. He was able to get out of that vehicle without using any of his hands to brace himself to get out of it?
MR. STENZ:
Objection. That’s irrelevant.
THE COURT:
Overruled.
THE WITNESS:
Well, sir, I’m sure he opened the door and then as he got out, he put his hands in his pocket. As he was walking towards me, he had his hands in his pocket.
* * *
Q. It’s my belief that you wrote two different things in your police report. In your gist you stated (reading): As the driver exited the vehicle, the officer observed a piece of clear plastic bag.
Now, the verb there is as he was exiting. You have stated in your narrative that (reading) as the officer was interviewing the driver, the officer observed a clear plastic bag.
The verb there is “interviewing.” Which verb is correct?
THE WITNESS:
Well, the main point is: After he exited the vehicle, I noticed the bag, I mean, regardless to whether it was while he was exiting or while I was , interviewing him. ,1 observed the bag while he exit — after he exited the vehicle.
* * *
laQ,. At any time did he remove his hands from his sweatshirt pocket?
A. Yes, sir. Yes, sir, during the interview.
Q. During the interview?
A. Yes.
Q. Prior to him removing his hands, did you observe any clear plastic bag?
A. I don’t recall.
The officer explained his testimony that showed that his statements were not inconsistent. The defendant put his hands in his pockets when he was getting out of the car. When the officer interviewed the defendant, the defendant could have been attempting to conceal the clear plastic bag by putting his hands in his pockets but part of the clear plastic bag was hanging out and visible to the officer. The defendant took his hands out of his pockets during the interview. The officer’s statement that he saw the plastic bag in plain view does not appear to be inconsistent. The trial court abused his discretion in finding inconsistencies in the officer’s testimony.

Plain View

In State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this court discussed the plain view exception:
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection'that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 and 1140 (La.1993). In Tate, this court further noted: “In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found “inadvertently” in order to fall within this exception to the warrant re *1189 quirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.” Tate at 917.
“Immediately apparent” in this context means only that the officer must have probable cause to believe an item is contraband. State v. Jones, 93-1685 (La.App. 4 Cir. 7/27/94), 641 So.2d 688.

Probable Cause to Arrest Based on Contraband in Plain View

La.C.Cr.P. art. 213 provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or in close pursuit;'
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that, the person to be arrested has committed an offense, although not in the presence of the officer;
[[Image here]]
It is not a prerequisite for the existence of probable cause. to make an arrest thqt the police officers know at the time of the arrest that the particular crime has definitely been committed; it is sufficient that it is reasonably probable that the crime has been committed under the totality of the known circumstances. State v. Gates, 24, 995 (La.App. 2 Cir. 1/19/94), 630 So.2d 1345, unit denied sub nom. Gates v. Jones, 94-0640 (La.6/17/94), 638 So.2d 1091. An arresting officer need only have a reasonable basis for believing that his information and conclusions are correct. Rodriguez v. Deen, 33,308 (La.App. 2 Cir. 5/10/00), 759 So.2d 1032, unit denied, 2000-1414 (La.6/23/00), 765 So.2d 1049. For an arrest, the law does not | inrequire that “reasonable cause to believe” be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt. La.C.Cr.P. art. 213; State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the. arresting officer from which he might draw conclusions warranted by his training and experience. Id.
Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (LaApp. 1 Cir.1992), writ denied, 604 So.2d 1317 (La.1992): The reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id. The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or near a preponderance standard demands. State v. Green, 98-1021 (La.App. 4 Cir. 12/22/99), 750 So.2d 343, unit denied, 96-2610 (La.6/20/97), 695 So.2d 1348; State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Deference should be given to the experience of the' police who were present at the time of the incident. Id. The fundamental philosophy behind the probable cause requirement' of the Fourth Amendment is that common rumor or report is not an adequate basis for the arrest of a person. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179. Police are not required to arrest an individual at the point at which probable cause for arrest *1190 arises. State v. Coleman, 412 So.2d 532 (La.1982).
In State v. Shelton, 96-2322 (La.App. 4 Cir; 10/30/96), 682 So.2d 338, the police officers who observed the defendant and another individual conduct hand transactions in an area known for frequent drug activity and observed the defendant place' a clear plastic bag in his front shirt pocket when he saw the officer, had probable cause to make a warrantless arrest of the defendant and search the.defendant pursuant to the arrest. U.S.C. ConstAmend. 4; La.C.Cr.P. art. 213.
In State v. Davis, 612 So.2d 1052 (La. App. 4 Cir.1993), an officer who was in an area known for drug trafficking, saw a defendant showing a matchbox to another person. The officer had probable cause to arrest the defendant where the officer knew that matchboxes are commonly used to carry cocaine.
In the present case, the officer lawfully seized the clear plastic bag pursuant to the plain view exception to the warrant requirement because Officer Blackman was justifiably in the area where he observed the clear plastic bag with contraband partially in plain view. See State v. Wyatt, 99-2221 (La.App. 4 Cir. 9/27/00), 775 So.2d 481.
Officer Blackman had reasonable suspicion for an investigatory stop of the defendant for the seatbelt violation. From his past experience, under the totality of circumstances, it was immediately apparent to the officer that he had probable cause to believe that the clear plastic bag partially in plain view contained what appeared to be contraband. The officer validly seized the evidence.
Accordingly, the State’s writ application is granted, the trial court’s ruling is reversed, and Young’s motion to suppress the evidence is denied.

APPLICATION FOR SUPERVISORY WRIT GRANTED; JUDGMENT ON MOTION TO SUPPRESS REVERSED; AND REMANDED.

. In Broussard, id., the officers saw a subject participate in a drug transaction with an undercover officer. The subject then got into a car driven by another person, and then the subject got out. The officers boxed the car in with their patrol vehicles, one in front of the car and one behind the car to prevent the car from leaving the scene. The Supreme Court found that under the circumstances of this case, the officers had reasonable suspicion for an investigatory stop of the car although the subject who had participated in the drug transaction got out of the car before the officers pursued the car.