672 So.2d 986 (1996)
STATE of Louisiana
v.
Cleolus F. STEVENS.
No. 95-KA-501.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 1996.
*987 John M. Mamoulides, District Attorney and Leigh Anne Wall, Asst. District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for plaintiff-appellee.
Linda Davis-Short, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for defendant-appellant.
Before GAUDIN, CANNELLA and CHIASSON, JJ.
GAUDIN, Judge.
This is a Crosby[1] appeal by Cleolus F. Stevens after his motion to suppress was denied in district court and after his plea of guilty of possession of cocaine. He received a suspended two-year jail sentence and he was placed on active probation for two years. We affirm, being of the opinion that there was probable cause for Stevens' stop and search and that the seizure of contraband from his person was within reasonable and legal scope.
On December 10, 1994, at approximately 8 p.m., Stevens was observed by police officer Ruth Dantin acting suspiciously and flagging down a vehicle in a known drug area in Westwego, Louisiana. After stopping Stevens, Dantin conducted a search for weapons and felt a small matchbox in his right front pocket. When Dantin removed the matchbox, Stevens fled. Inside the matchbox were nine "rocks", which field-tested positive for cocaine.
Later that evening, Stevens, accompanied by his mother, turned himself into Westwego police. On appeal, Stevens argues that Dantin lacked legal cause for the stop and patdown search; further, even if there was justification for the stop and search, the seizure of the matchbox exceeded the allowable range of the search.
Code of Criminal Procedure Article 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects of committing a crime and may demand of him his name, address, and an explanation of his actions; and that when the officer has stopped a person for questioning and reasonably suspects that the person has a dangerous weapon, he may conduct a search. See State v. Belton, 441 So.2d 1195 (La.1983).
Reasonable cause for an investigatory stop is something less than probable cause for an arrest and must be determined from a common sense consideration of facts and circumstances of each case.
Here, Stevens was flagging down a vehicle in a known drug area after dark. These facts clearly justify an Art. 215.1 stop and search. When the officer felt the matchbox, she straightaway removed it. Stevens then took flight.
Police officers neither live nor work in a vacuum. They immediately know, from common sense and experience, that certain areas are known for drug activity, that trafficking in drugs is a dangerous occupation, that drug dealers are generally armed and that drug sellers often place crack cocaine in matchboxes.
In State v. Davis, 612 So.2d 1052 (La. App. 4 Cir.1993), the Fourth Circuit reversed a defendant's successful motion to suppress in Orleans Criminal District Court. The defendant had been observed selling cocaine from a matchbox. The trial judge suppressed the evidence but the Fourth Circuit, in reversing, stated:
"The facts and circumstances observed by this police officer ... could lead to only *988 one logical conclusion. Defendant was selling crack cocaine on the corner to passersby from the matchbox in his pocket as happens continuously on street corners in areas of New Orleans well known to police officers for drug trafficking. Common sense told the officers the defendant was selling drugs just as common sense dictated the conclusion that the officers had probable cause to arrest him."
The police officer in this case testified that matchboxes were "... commonly used to carry cocaine in. Most of the people that sell it on the street carry it around in matchboxes."
See State v. Skipper, 632 So.2d 857 (La. App. 4 Cir.1994), wherein one arresting police officer testified at page 861 "... that he knew a matchbox to be a common thing used for drugs, for selling drugs on the street."
The other arresting officer in Skipper said that when he "patted down" the suspected drug dealer, he could feel that the object in a pocket was a matchbox.
In Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the United States Supreme Court discussed Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and constitutional safeguards in relation to a seizure made during a warrantless patdown after the police officer did not see but felt contraband. In this case, the officer felt a small, hard object wrapped in plastic but he determined that the lump was crack cocaine only after "squeezing, sliding and otherwise manipulating the contents of defendant's pocket." The officer admitted that he did not immediately know that the small, hard object was contraband. This evidence was admitted in the Minnesota trial court but both the Minnesota Supreme Court and later the United States Supreme Court ruled that the officer overstepped lawful bounds by "squeezing, sliding and otherwise manipulating" the small, hard object.
But the United States Supreme Court went on to say this at page 2137:
"If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context."
(Underlining provided.)
Is a small matchbox capable of being immediately recognized as something containing illegal contraband? Not in the hands of the Marlboro man or Humphrey Bogart lighting a cigarette; however, in the pocket of a drug-selling suspect flagging down cars at night in an area known for illegal drug trafficking, a small matchbox can be immediately recognized, by feel, for what it almost surely is, a depository for crack cocaine.
Accordingly, we would affirm the district court judgment denying Stevens' motion to suppress.
AFFIRMED.
CANNELLA, Judge, dissenting.
Seizure of an object, other than a weapon, in a patdown search from defendant's pocket, is permitted only if the object feels like contraband. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). A matchbox is not contraband. Further, the feel of a matchbox is not immediately identifiable as contraband in a patdown search. See: State v. Parker, 622 So.2d 791, 795 (La.App. 4th Cir.1993), writ denied, 627 So.2d 660 (La.1993). Accordingly, I would reverse the denial of the motion to suppress and vacate the guilty plea.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976)