675 So.2d 1150 (1996)
STATE of Louisiana
v.
Gregory MANGRUM.
No. 95 KA 0926.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*1151 Gregory Briese, Washington Parish District Attorney, Franklinton, William R. Campbell, Jr., New Orleans, for Plaintiff-Appellee State of Louisiana.
Herbert R. Alexander, Mandeville, for Defendant-Appellant Gregory Mangrum.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.
Gregory Mangrum was charged by bill of information with possession with intent to distribute marijuana and possession with intent to distribute cocaine, violations of La. R.S. 40:966(A) and 40:967(A), respectively. He filed a motion to suppress the evidence, which the court denied. Defendant pled guilty, reserving his right to appeal the court's ruling on the motion to suppress. See State v. Crosby, 338 So.2d 584, 586 (La.1976). On count one, the court sentenced defendant to serve a term of fifty-four months at hard labor. On count two, the court sentenced defendant to serve a term of seventy-two months at hard labor, with the sentences to be served concurrently. Defendant has appealed. In a single assignment of error, he urges the court erred when it denied his motion to suppress.
FACTS
On October 30, 1990, at approximately 1:30 a.m., Officers Mike Edwards and Ed Gomez, narcotics investigators with the Bogalusa Police Department, were patrolling a high crime area of the city known as "Cocaine Alley," an area known for several shootings and drug arrests. As the officers passed an alley, they noticed a red Mustang stopped in the middle of the alley. When the police unit pulled into the alley, the car began driving *1152 down the alley. Edwards turned on his unit's blue lights and attempted to stop the vehicle. At the corner, a black man exited the vehicle on the passenger side while the car was still in motion and ran between two houses. Bars in the area were closed, and the officers decided to pursue the vehicle to investigate its presence in the alley. As they approached the vehicle, they recognized the vehicle and knew the female driver was a known drug user. Before the car stopped, the driver threw a packet out the window. Gomez got out of the unit to retrieve the packet, and Edwards pursued the car for about 75 more feet until it stopped.
The driver of the car was Betty Penton, a woman Edwards had known all of his life. Penton told the officers she was in the area visiting friends. She denied throwing the packet out the window. In response to questioning, she said she did not know the name of the man who had been in her car, but she thought his first name was Gerald. She did not indicate the man had any cocaine or other drugs. The packet retrieved by Gomez appeared to contain cocaine. The officers searched Penton's car pursuant to her consent, but no incriminating evidence was found. Before releasing Penton, the officers told her she would be arrested later if the substance thrown from the window tested positive for cocaine.
Edwards then radioed for assistance in locating the male passenger. Edwards and Gomez had not been able to see the man's face, but Edwards provided a clothing description: dark-colored hat, blue jean jacket, and dark-colored pants. Various officers assisted in searching the area. Edwards quickly located a man matching the passenger's clothing description. The man was standing with two other men around a barrel which had been set on fire to provide warmth. As Edwards approached the men on foot, the men walked away at a fast pace. Edwards radioed the information to other officers, who stopped the men. When Edwards arrived, the three men were leaning over a car.
Because defendant matched the clothing description, Edwards frisked him for weapons. During the patdown search, Edwards felt a bulge in the defendant's pocket. Edwards did not believe the bulge was a weapon. At the hearing, he explained his reasons for retrieving the bulge: "I retrieved to see what it was. Knowing the white female that was in the vehicle and the area that it was in, I assumed what it was." From defendant's right front coat pocket, Edwards retrieved a large sandwich bag containing 19 packs of powder cocaine and a small cut corner bag containing 31 rocks of cocaine. In the left front pocket, Edwards found 10 sandwich bags of marijuana and one small bag of marijuana. According to the testimony of Gomez, from the time the passenger jumped out of the car until the time defendant was stopped, less than ten or twelve minutes had passed.

DENIAL OF MOTION TO SUPPRESS EVIDENCE
Defendant argues the police were not justified in stopping him and frisking him for weapons. He further maintains the search of his pockets exceeded the scope of a search for weapons. He does not attack the legality of the stop of the vehicle or the seizure of the packet thrown out the window by the driver.
Article 215.1 of the Code of Criminal Procedure, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Lanter, 391 So.2d 1152, 1153 (La.1980). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether or not the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. Lanter, 391 So.2d at 1153-54.
After the passenger jumped out of the car, the officers saw the driver throw a packet out of the window. The driver was a known drug user, and she denied throwing anything out the window. She also gave evasive answers to some of the officers' questions. When defendant was found nearby, he *1153 matched the description of the man who had jumped out of the car only ten to twelve minutes earlier. Considering these circumstances, the early morning time, and the area's reputation for drug dealing and shootings, Edwards was justified in detaining defendant and in frisking him for weapons.
At the hearing, the defense called Jackie Robinson as a witness. Robinson testified he, and not defendant, was the person who had been in Penton's car. Even if this testimony is viewed as credible, the issue is whether or not the officers had reason to believe defendant was the passenger and, thus, a possible witness or participant in Penton's crime of possession of cocaine. Considering the nature of the clothing description and the fact defendant was located nearby in such a short time, the officers were justified in stopping defendant.
Upon conducting the patdown search, Edwards felt a bulge and retrieved it, seizing the cocaine and marijuana. Under the "plain feel" exception to the warrant requirement, if a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity as contraband immediately apparent, the officer may seize the item without a warrant. Minnesota v. Dickerson, 508 U.S. 366, 373-77, 113 S.Ct. 2130, 2136-37, 124 L.Ed.2d 334 (1993). See also State v. Johnson, 94-1170, pp. 6-8 (La.App. 4th Cir. 8/23/95), 660 So.2d 942, 947-48, writs denied, 95-2331 (La. 2/2/96), 666 So.2d 1092; and 95-3044 (La. 2/2/96) 666 So.2d 1105. Considering the area's reputation for drug dealing, Edwards' familiarity with the driver's drug use, the packet thrown from the vehicle in the alley, the passenger who had jumped from the moving vehicle, defendant's evasive behavior, and the apparent size of the bulges, seizure of the contraband was warranted under the plain feel exception to the warrant requirement.
Accordingly, we find no merit in the assignment of error.

PATENT ERROR
In reviewing the record for patent error, we notice the trial court did not give defendant credit for time served. See La. C.Cr.P. art. 880. Accordingly, we amend the sentences to reflect defendant is to be given credit for any time served prior to execution of his sentences. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect defendant is to be given credit for time served on each count.
We also notice error in the sentence of fifty-four months imposed for count one. The sentence for possession with intent to distribute marijuana is imprisonment at hard labor for not less than five years (sixty months) and not more than thirty years. La.R.S. 40:966(B)(2). However, this Court will not correct the sentence as the error is in defendant's favor and the state has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122, 124-25 (La.1986).
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED; MATTER REMANDED WITH ORDER.