723 So.2d 497 (1998)
STATE of Louisiana, Appellee,
v.
Christopher Jermaine TRAYLOR, Appellant.
No. 31,378-KA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
J. Wilson Rambo, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, A. Scott Killen, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and NORRIS and STEWART, JJ.
MARVIN, Chief Judge.
Reserving his right to appeal the denial of his motion to suppress crack cocaine found *498 hidden in a Tylenol bottle during a patdown search of his clothing, Christopher Traylor entered a Crosby plea of guilty to possession of cocaine.
Finding no error in the denial of the motion to suppress, we affirm Traylor's conviction and sentence.

FACTS
Around 11:00 p.m. on August 13, 1996, Grambling State University Police Officers Hezekiah Perry and Charlotte Greene were patrolling the campus in a marked police vehicle. Near a female dormitory, they smelled marijuana coming from a parked car in which Traylor was sitting, around which other males were standing. Perry and Green drove around the block to return to the car. Traylor then was standing near the car with four other males. Investigating, the officers again noticed the smell of marijuana coming from the car and saw beer in the car. Except for Traylor's group, no one else was near the car.
After receiving consent from the vehicle's owner, the officers searched the car, finding what they believed to be marijuana residue on the car's floorboard. At the hearing on the motion to suppress, Perry said that Traylor and the other males consented to a patdown search.
The officers directed Traylor and his companions to empty their pockets and place their hands on the car. While doing so, Traylor repeatedly reached for his left leg. Perry told Traylor to stand near Officer Doris Hassen, who had arrived on the scene. Learning that Traylor was not a Grambling student, Hassen became suspicious that Traylor might have a weapon because of his repeated efforts to reach his left leg. Patting down his left leg, she found a Tylenol bottle concealed in Traylor's sock. Suspicious of its contents because of her experience, Hassen opened the bottle, finding ten rocks of crack cocaine. The officers later found near the car a Crown Royal velvet bag containing two bags of marijuana and $30 in cash.
After Traylor pleaded guilty to possession of cocaine, he was sentenced to four years at hard labor, suspended in favor of supervised probation for five years with special conditions of substance abuse treatment and six months in the parish jail. Traylor was also ordered to pay a $350 fine and court costs, or serve 180 days in the parish jail in default thereof.

DISCUSSION
Reviewing a ruling on a motion to suppress, we place great weight upon the trial court's factual determinations because of that court's opportunity to observe witnesses and assess credibility. State v. Crews, 28,153 (La.App.2d Cir.5/8/96), 674 So.2d 1082. Of course, it is the State's burden to prove the admissibility of any evidence seized without a warrant. La. C. Cr. P. art. 703(D).
In written reasons for denying the motion, the court found that because Traylor was ordered to place his hands on the vehicle and was not free to leave, he was under arrest when he was searched. The officers, on the other hand, did not consider Traylor being under arrest at the time. Compare State v. Garcia, 519 So.2d 788 (La.App. 1st Cir.1987), writ denied. The court further found that based on the strong smell of marijuana, as well as the marijuana residue and alcohol[1] discovered in the car, the officers had probable cause to believe Traylor and his companions were in possession of marijuana in a Drug Free Zone in violation of La. R.S. 40:966 and 40:981.3, and had possibly violated the Drug Traffic Loitering Law, La. R.S 40:981.4.[2]
The court also emphasized Officer Perry's testimony that Traylor consented to the search. Perry also testified that Traylor was in the car when he drove past it, but was standing outside the car when he returned to the car. Traylor mentioned "the ones I was with in the car ...," and denied consenting to be searched.
*499 We need not legally justify the search solely on the basis of whether Traylor's detention constituted a lawful arrest. On this record, we find another basis to legally justify the search: The smell of marijuana and Traylor's conduct during the "stop" and "detention" are sufficient factual circumstances that warranted further investigation by the officers, including the patdown search, to allow the conclusion of "reasonable suspicion" on the part of the officers, particularly Officer Hassen.
La. C. Cr. P. art. 215.1 permits a law enforcement officer to stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense. If the officer reasonably suspects that he is in danger, he may frisk the outer clothing of the person for a dangerous weapon. If the officer reasonably suspects the person possesses a dangerous weapon, he may search the person. Art. 215.1 is in accordance with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). State v. Allen, 95-1754 (La.9/5/96), 682 So.2d 713 (La.1996).
Police officers may seize contraband detected through "plain feel" during a Terry search when the object's "contour or mass makes its identity immediately apparent." Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
The odor of marijuana emanating from the car allowed the officers to reasonably suspect Traylor was smoking, and thus possessing, marijuana. Hassen testified that it has been her experience that many non-students on the Grambling campus carry weapons. Traylor, who is not a Grambling student, was disobeying police orders by repeatedly reaching for his leg. Hassen's search of Traylor was justified by her reasonable suspicion that he was armed with a weapon.
Hassen admitted that when she felt the vial in Traylor's sock, she knew it was not a weapon. Hassen also admitted that she could not tell the object in the sock was contraband just by feeling it. However, based on the marijuana odor and her experience that crack cocaine is often stored in similar vials, Hassen suspected that the object could be contraband.
The seizure of drugs was permitted when an officer did not believe the bulge he felt in the suspect's coat pocket was a weapon, but assumed it was contraband. State v. Mangrum, 9526 (La.App. 1st Cir.5/10/96), 675 So.2d 1150. While patrolling a high crime area, the officer noticed a car stopped in an alley. The car started driving away as the police pulled behind it. When the officer turned the police unit's blue lights on, Mangrum, sitting in the passenger seat, ran from the car. The driver, a known drug user, threw out of the car a packet containing what appeared to be cocaine. Mangrum was frisked when he was located several minutes later. Found inside his coat pocket was a sandwich bag containing 19 packs of powder cocaine and a small bag containing 31 cocaine rocks. While the officer did not believe the bulge was a weapon, he testified: "I retrieved [it] to see what it was. Knowing the white female that was in the vehicle and the area that it was in, I assumed what it was. State v. Mangrum, 675 So.2d at 1152. Our emphasis.
In State v. Stevens, 95-501 (La.App. 5th Cir.3/26/96), 672 So.2d 986, the police observed Stevens flagging down a vehicle in a known drug area. Searching for a weapon, an officer felt a matchbox in Stevens' right front pocket. When the officer removed the matchbox, Stevens fled. The matchbox contained nine rocks of crack cocaine. The search and seizure were upheld based upon the officer's knowledge that many crack dealers carry their merchandise in matchboxes. The court stated:
Is a small matchbox capable of being immediately recognized as something containing illegal contraband? Not in the hands of the Marlboro man or Humphrey Bogart lighting a cigarette; however, in the pocket of a drug-selling suspect flagging down cars at night in an area known for illegal drug trafficking, a small matchbox can be immediately recognized, by feel, for what it almost surely is, a depository for crack cocaine.
State v. Stevens, 672 So.2d at 988.
State v. Barney, 97-777 (La.App. 5th Cir.2/25/98), 708 So.2d 1205, is also pertinent. *500 There the defendant, who was observed standing next to a vehicle in the middle of the street, fled when he saw two marked police cars, but was later caught. When the defendant attempted to reach into the right rear pocket of his jeans, an officer conducted a patdown search. Having felt what he thought was a matchbox in the jeans pocket, the officer removed the matchbox, opened it, and found cocaine. The court held that opening the matchbox to view its contents exceeded the permissible bounds of the frisk under Terry and Dickerson.
Barney and Stevens can be reconciled. In Barney, the officer testified that he thought the matchbox might contain a razor blade [weapon], not contraband. Thus, "once the matchbox left Barney's possession, it and any hypothetical weapon contained inside it ceased to be a threat to the officers' safety." State v. Barney, 708 So.2d at 1211. The officer in Stevens focused on the matchbox as a potential carrier of drugs, not weapons.
While performing a patdown search, an officer felt what he suspected was a crack pipe in the suspect's front pants pocket. Because the officer had prior experience with crack pipes and was aware the object was a crack pipe, the seizure was justified under the "plain feel" exception. State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, writ denied. See State v. Livings, 95-251 (La.App. 3d Cir.11/15/95), 664 So.2d 729, writ denied, also approving the seizure of a crack pipe when the officer knew the object was a crack pipe upon feeling it based on his experience working in narcotics. See also State v. Skipper, 92-2357 (La.App. 4th Cir.2/11/94), 632 So.2d 857, where a seizure was upheld when the officer felt what he knew was a matchbox in defendant's pocket after cocaine had been found in another matchbox previously abandoned by defendant's companion, thus, giving the officer probable cause to believe the matchbox in defendant's pocket also contained cocaine.
Hassen was assisting other officers in an investigation of suspected drug activity. It was late at night on a campus where Traylor was not a student. Despite orders to cease, Traylor persisted in reaching for his leg. Hassen searched Traylor for what she feared was a weapon, but instead found a Tylenol vial. Based on her experience, she knew that crack dealers often hide drugs in these containers. The bottle was hidden in Traylor's sock, an unusual place for one to store his pain reliever. Traylor also directed Hassen's attention to this area of his clothing by his actions. Considering these factors, the seizure of the cocaine was warranted under the plain feel exception to the warrant requirement.

DECREE
The conviction and sentence are AFFIRMED.
NOTES
[1] The trial court considered that Grambling University is a drug and alcohol free campus pursuant to La. R.S. 40:981.3
[2] La. R.S. 40:981.4 was held unconstitutionally vague and overbroad in State v. Muschkat, 96-2922 (La.3/4/98), 706 So.2d 429.