JjLEON A. CANNIZZARO, JR., Judge.

STATEMENT OF THE CASE

On September 27, 2001, the State of Louisiana filed a bill of information charging the defendant, Carl Comena, with possession of four hundred or more grams of cocaine (count one), possession with intent to distribute cocaine (count two), and possession of marijuana third offense (count three). Following a motion hearing, the trial court found probable cause to arrest the defendant for the above stated charges and denied the motion to suppress the evidence.
On July 16, 2002, the State amended count one of the bill of information to charge the defendant with possession of twenty-eight to two hundred grams of cocaine. The defendant waived a reading of the bill of information and pled guilty to all charges under State v. Crosby, 338 So.2d 584 (La.1976) and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court sentenced the defendant to fifteen years in the custody of the Department of Corrections on each count. The defendant appealed.[1]

\9FACTS

On March 11, 2000, Detective Wayne Jacque received a telephone call from a concerned citizen that narcotics activity was occurring in Room 313 of the Comfort Suite Hotel on Bullard Avenue. The citizen related that a black male and a female were occupying the hotel room.
Several officers went to the hotel where Detective Demetrius Jackson established surveillance from another hotel room. Approximately thirty minutes into the surveillance, Detective Jackson observed the *466 defendant exit the hotel room and enter a nearby elevator. The defendant descended to the first floor and exited the front door of the hotel. At this point, Detective Jackson abandoned his position and relocated to Room 313 where he smelled marijuana emanating from the room; he alerted Detective Jacque.
Detective Jacque and the other officers stopped the defendant as he was entering a vehicle in the hotel parking lot. Detective Jacque advised the defendant of his rights and the reason for the stop. While talking to him, Detective Jacque detected the odor of marijuana on his breath. At Detective Jacque’s request, the defendant gave the officers permission to search the room and signed a consent form.
Upon entering Room 313, the officers encountered a female and observed a plastic bag containing marijuana. They also found documents in the name of Carl Comena in the room and subsequently obtained documentation from the hotel staff that the defendant had reserved the room from March 9, 2000 through March 12, | ;;2000. The search further uncovered approximately one-half of a kilogram of cocaine in a drawer and more than one hundred dollars in U.S. currency.

ERRORS PATENT

A review of the record shows two errors patent with regard to the defendant’s sentences. The defendant was convicted of possession of cocaine in an amount of twenty-eight grams or more, but less than two hundred grams, a violation of La. R.S. 40:967 C. The version of La. R.S. 40:967 F(l)(a) that was in effect at the time of the offense provided for a sentence upon conviction of imprisonment at hard labor for not less than ten years, nor more than sixty years, and a mandatory fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars. The trial court’s failure to impose a mandatory fine on a defendant sentenced under this provision constitutes an illegally lenient sentence. An illegally lenient sentence can be noticed by the appellate court sua sponte. State v. Williams, 2000-1726 (La.11/28/01), 800 So.2d 790.
In State v. Major, 2002-0133, p. 1 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, this Court considered the issue of an illegally lenient sentence resulting from the trial court’s failure to impose a fine as required by statute, stating:
Although we recognize that State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, arguably calls into question the jurisprudential rule against correcting a patent sentencing error favorable to the defendant when the state fails to appeal, we read the holding in Williams as applying only to sentencing errors subject to automatic correction under La. R.S. 15:301.1(A). Our holding is consistent with that espoused by the dissent in State v. Paoli, 2001-1733, p. 1 (La.App. 1 Cir. 4/11/02), 818 So.2d 795, 800-01 (Guidry, J., dissenting); as Guidry, joined by Judge Pettigrew, aptly stated:
Although State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, arguably cast some doubt upon the reasoning in State v. Fraser, 484 So.2d 122 (La.1986), it does not overrule Fraser; and I do not interpret Williams as applicable to sentencing errors of a type different than those subject to automatic correction under La. R.S. 15:301.1.
In this case, the patent sentencing error — a mandatory fine — falls under La. R.S. 15:301.1(B). See Williams, 2000-1725, pp. 10-11, 800 So.2d at 799 (citing, by way of example, failure to impose mandatory fine). La. R.S. 15:301.1(B) *467 provides that an amendment of a sentence to conform with an applicable statutory provision may be made on the trial court’s own motion or if the district attorney seeks such an amendment; however, La. R.S. 15:301.1(D) provides that such action must be taken within one hundred and eighty days of the initial sentencing. Construing those provisions together, the appellate court in State v. Esteen, 2001-879 (La.App. 5 Cir. 5/15/02), 821 So.2d 60, declined to remand to correct an illegally lenient sentence resulting from failure to impose a mandatory fíne given the state’s failure to object before La. R.S. 15:301.1(D)’s one-hundred eighty day period elapsed. We likewise conclude, that given the state’s failure to seek relief in either the trial court or this court, it is inappropriate to remand for correction of the illegally lenient sentence resulting from the failure to impose a fine.
Id., 2002-0133, pp. 6-7, 829 So.2d at 631.
In the instant case, the State made no objection in the trial court to the illegally lenient sentence imposed by the judge and it failed to raise the issue on appeal. Therefore, this Court will not remand this case to the trial court for imposition of the fine.
The defendant was also convicted of possession with intent to distribute cocaine (count two). The version of La. R.S. 40:967(B) that was in effect at the time the crime was committed required that a defendant serve a mandatory minimum term of five years without eligibility for probation, parole, or suspension of sentence. The sentence imposed by the trial court did not restrict the probation, parole, or suspension of sentence eligibility of the first five years of the defendant’s sentence. In Williams, supra, the Louisiana Supreme Court acknowledged that |fiparagraph A of La. R.S. 15:301.1 addresses those instances where sentences contain statutory restrictions on parole, probation, or suspension of sentence, stating:
In instances where these restrictions are not recited at sentencing, [La. R.S.] 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
[[Image here]]
Initially, we find that the time limitation recognized in Paragraph D of [La. R.S.] 15:301.1 is inapplicable to Paragraph A; to rule otherwise would eviscerate the intent of this element of the legislative enactment. To the extent that Paragraph C of [La.R.S.] 15:301.1 may be applicable to restricted criminal sentences to be served without benefit of probation, parole, or suspension of sentence, the thrust of Paragraph A of [La. R.S.] 15:301.1, or any one or a combination of those restrictions, we likewise find Paragraph D of [La. R.S.] 15:301.1 inapplicable.... Simply stated, the provisions of Paragraphs A and C do not call for amendment as no correction is required. Rather, that which was legislatively mandated at the time of sentencing is recognized as having existed statutorily without pronouncement being necessary.
Id., at 2000-1725, pp. 10, 14-15, 800 So.2d at 799, 801.
As previously noted, the trial court did not restrict the probation, parole, or suspension of sentence eligibility of the first five years of the defendant’s sentence on *468 count two as mandated by the applicable version of La. R.S. 40:967(B). In view of the holding in Williams, the correction of a sentence as mandated by La. R.S. 15:301.1(A) “self-activates” and a remand of the case for the amendment of the defendant’s sentence is unnecessary. Thus, this Court recognizes that the first | ¿five years of the defendant’s sentence on count two is to be served without the benefit of probation, parole, or suspension of sentence.
The errors patent review also reflects that the defendant was never arraigned. However, by pleading guilty, the defendant waived all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such defects either by appeal or by post-conviction remedy. State v. Jenkins, 419 So.2d 463 (La.1982).

ASSIGNMENT OF ERROR

The defendant alleges that the trial court erred in denying the motion to suppress the evidence. Specifically, he argues that the police lacked reasonable suspicion to stop him and, therefore, the subsequent consent to search was invalid.
La.C.Cr.P. art. 215.1(A) allows law enforcement officers to conduct an investigatory stop without a warrant or probable cause. The officer need only have a reasonable suspicion that the person “has been, is, or is about to be engaged in criminal conduct.” State v. Belton, 441 So.2d 1195, 1198 (La.1983).
While “reasonable suspicion” is something less than the probable cause needed for an arrest, it must be based upon particular articulable facts and circumstances known to the officer at the time the individual is approached. State v. Smith, 94-1502, p. 4 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1232. If the police officer has a specific suspicion of criminal activity, he may further detain the individual or the property while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. U.S. v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).
When a search is made with consent, the State must prove the consent was freely and voluntarily given, as shown by the facts and circumstances of the individual case. State v. Wilson, 467 So.2d 503 (La.1985). If consent to search is obtained after an illegal detention or entry, consent is valid only if it was the product of free will and not the result of exploitation of the previous illegality. State v. Owen, 453 So.2d 1202, (La.1984).
The detection of marijuana by means of smell does not constitute a search, and no reasonable expectation of privacy exists from lawfully positioned officers with inquisitive nostrils. See State v. Coleman, 412 So.2d 532, 535, n. 4 (La.1982).
In State v. Traylor, 31-378 (La.App. 2 Cir. 12/9/98), 723 So.2d 497, while patrolling a college campus, officers smelled marijuana coming from a parked car in which the defendant was sitting and which several other men were standing near. The officers investigated and again noticed the smell of marijuana coming from the car. The officers obtained consent to search the car, and found what they be *469 lieved to be marijuana residue on the floorboard. The officers directed the defendant and the others to place their hands on the car and empty their pockets. After the defendant acted suspiciously by reaching for his left leg, the officers searched him for weapons and discovered cocaine. In affirming the trial court’s finding of probable cause, the Second Circuit held that “the odor of marijuana lsemanating from the car allowed the officers to reasonably suspect that [the defendant] was smoking, and thus possessing, marijuana” and that the defendant’s suspicious actions justified the weapons search. State v. Traylor, 31-378, p. 3 (La.App. 2 Cir. 12/9/98), 723 So.2d 497, 499.
In State v. Wyatt, 99-2221 (La.App. 4 Cir. 9/27/00) 775 So.2d 481, a vehicle in which the defendant was a passenger was stopped for a motor vehicle violation. The defendant opened his door when the officer approached, and the officer immediately smelled the strong odor of marijuana coming from the car and observed the defendant trying to hide something with his hand. The defendant was immediately removed from the vehicle and handcuffed. As in Traylor, this Court found that “the officer had probable cause to believe the defendant was smoking marijuana and therefore had probable cause to arrest him” and to search the car.
In this case, moments after the defendant exited Room 313, Detective Jackson smelled marijuana emanating from it and corroborated the anonymous tip regarding narcotics activity at that location. At that point, he had probable cause to believe that marijuana was in the room and reasonable suspicion to believe that the defendant had been engaged in criminal activity. In light of these facts, the officers had the requisite “reasonable suspicion” to conduct an investigatory stop of the defendant. Once Detective Jacque engaged the defendant and detected the odor of marijuana on his breath, he had probable cause to believe that the defendant had been smoking and possessing marijuana in the hotel room. Accordingly, the defendant’s claim that the consent to search was obtained after an illegal detention is without merit.
Moreover, nothing in the record indicates that the defendant’s consent was not free and voluntary. The signed consent form clearly states that the defendant 19could refuse consent and that he had been advised of his constitutional rights per Miranda. Finally, at the motion to suppress hearing, the defense offered no evidence that the defendant had been coerced into giving his consent. The assignment of error is without merit.

CONCLUSION

Accordingly, for the reasons stated herein, the defendant’s convictions and sentences are affirmed.
AFFIRMED.

. Count two of the bill of information arose from facts that occurred on June 14, 2000, while counts one and three arose from activities that occurred on March 11, 2000. The defendant has not alleged any assignment of error with respect to count two. Thus, the facts giving rise to count two are not relevant to this appeal.